UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| YUSUF RAHIM BEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:13-cv-1173 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| ALFRED M. BUTZBAUGH, et al., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| _____ ) | |

This is a civil action brought by a *pro se* plaintiff. Plaintiff filed this complaint in the District of Columbia on September 30, 2013, and it was transferred to this court on October 2, 2013. The lawsuit arises out of a traffic citation that plaintiff received in Berrien County, Michigan, on October 26, 2012. (Compl. Ex. B, docket # 1-2, ID# 17). The named defendants are Chief Judge Alfred Butzbaugh of the Berrien County Trial Court, Clerk of the Court M. Louise Stine, Berrien County Prosecuting Attorney Arthur J. Cotter, and Michigan State Police Trooper D. Diggs.[1] Plaintiff alleges that he sent an "AFFIDAVIT of DISMISSAL" to defendants by certified mail and that his "Affidavit was never answered." (Compl. at 2, docket # 1, ID# 3). Plaintiff's complaint is divided into six counts:

---

[1]Defendant Diggs has never been served with process or otherwise appeared in this lawsuit. I recommend that all plaintiff's claims against defendant Diggs be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure for failure to make service. *See Garner v. City of Memphis*, No. 13-6363, __ F. App'x __, 2014 WL 3746543, at * 3 (6th Cir. July 31, 2014); *Joyner v. MERS*, 451 F. App'x 505, 506 (6th Cir. 2011). This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against defendant Diggs.

    I.      "False or Misleading Representation" under the Fair Debt Collection Practices Act (FDCPA);

    II.     "Unfair Practices" under the FDCPA;

    III.    Racketeer Influenced and Corrupt Organizations Act (RICO);

    IV.    18 U.S.C. §§ 241 and 242;

    V.     18 U.S.C. § 872; and

    VI.    18 U.S.C. § 873, 42 U.S.C. § 1983, "Declaration of Human Rights" and "Treaty of Peace and Friendship 1787."

Plaintiff seeks an award of damages and equitable relief. The matter is before the court on defendants' motion for summary judgment. (docket # 29). Plaintiff has filed his response. (docket #'s 36, 42-1 at ID #'s 309-11). For the reasons set forth herein, I recommend that plaintiff's claims against defendant Diggs be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. I recommend that all plaintiff's claims based on alleged injury stemming from a state-court judgment or seeking appellate review be dismissed for lack of subject-matter jurisdiction. I recommend that defendants' motion for summary judgment be granted and that judgment be entered in favor of defendants Butzbaugh, Stine, and Cotter on all plaintiff's remaining claims.

## **Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV. P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 427 (6th Cir. 2013). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Davis v. Cintas Corp.*, 717 F.3d 476, 491 (6th Cir. 2013).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. On October 26, 2012, plaintiff received a traffic citation in Berrien County. (docket # 1-2, ID# 17). The citation advised plaintiff

that he was to appear in 5th District Court in St. Joseph, Michigan within 10 days and warned of the consequences of failure to appear. (*Id.*). Later, the Enforcement Division of the Berrien County Trial Court Finance Office issued a "last chance" notice advising plaintiff of the adverse consequences he faced if he failed to pay the $252.00 balance he owed in Case No. 201204921-Sl. (docket # 1-7, ID# 31).

Plaintiff generated a document on "Yusuf Rahim Bey, Estate" letterhead, stating that his "Affidavit for dismissal" had been denied and claiming that unidentified individuals had violated an oath of office, and that he was therefore entitled to bring a claim against them. (docket # 36-1, ID# 279). Plaintiff, referring to himself as the executor of his own estate, attempted to send a copy of this paper to defendants by certified mail in early 2013. (docket # 1-2, ID#s 52-55).

Alfred M. Butzbaugh was the Chief Judge of the Berrien County Trial Court in October 2012. M. Louise Stine was the Berrien County Clerk. Arthur J. Cotter was the Berrien County Prosecuting Attorney. Butzbaugh, Stine, and Cotter took no direct actions regarding enforcement of any traffic fines or judgment against plaintiff.[2] (Butzbaugh Aff. ¶¶ 2, 6, docket # 30-1, ID# 205; Cotter Aff. ¶¶ 2, 6, docket # 30-2, ID# 207; Stine Aff. ¶¶ 2, 6, docket # 30-3, ID# 209).     On September 30, 2013, plaintiff filed his complaint in the District of Columbia and he paid the $350.00 filing fee. (docket # 36-1, ID# 278). On October 2, 2013, the case was transferred here.

---

[2]If Judge Butzbaugh, Clerk Stine, and Prosecutor Cotter had been participants in proceedings related to the traffic citation at issue, they would have been entitled entry of judgment in their favor on the basis of judicial immunity, quasi-judicial immunity, and prosecutorial immunity, respectively. *See Bright v. Gallia County, Ohio*, 753 F.3d 639, 648-49 (6th Cir. 2014); *Rogers v. O'Donnell*, 737 F.3d 1026, 1030-31 (6th Cir. 2013); *Drake v. Village of Johnstown Ohio*, 534 F. App'x 431, 441 (6th Cir. 2013).

**Discussion**

### I. Jurisdiction

Defendants argue that this court lacks subject-matter jurisdiction because plaintiff's claims against them are barred by the *Rooker-Feldman* doctrine. "Lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."[3] *Lance v. Dennis*, 546 U.S. 459, 463 (2006); *see Duncan v. U.S. Bank, NA*, No. 13-4337, 2014 WL 3673435, at * 2 (6th Cir. July 25, 2014). The *Rooker-Feldman* doctrine derives its name from two Supreme Court cases that held that a federal court cannot exercise appellate review of a state-court decision. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). This doctrine is limited to federal cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In the wake of *Saudi Basic*, the Sixth Circuit has held that "the pertinent inquiry ... is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Kovacic v. Cauyahoga County Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010). A court cannot determine the source of the injury without reference to the

---

[3]Because the Supreme Court of the United States has exclusive jurisdiction to review final judgments of the state courts on federal questions under 28 U.S.C. § 1257, the district court lacks subject-matter jurisdiction to entertain such a direct challenge to a state-court judgment. *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011).

plaintiff's request for relief. *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012); *see Durham v. Haslam*, 528 F. App'x 559, 563 (6th Cir. 2013). The "source of the injury" claimed by plaintiff is nearly impossible to discern from his complaint. He did not attach any judgment from a Michigan court and has not requested that this court take any specific action with regard to a state-court judgment. Nonetheless, to the extent that plaintiff is claiming injury stemming from a state-court judgment or seeking appellate review, such claims are clearly barred and should be dismissed for lack of subject-matter jurisdiction.

### II. Motion for Summary Judgment

Plaintiff alleges that defendants Butzbaugh, Stine, and Cotter did not respond to his affidavit of dismissal.[4] Plaintiff has not presented evidence sufficient to withstand defendants' motion for summary judgment.[5]

Courts have repeatedly found that the "redemptionist and sovereign citizen" arguments which appear in plaintiff's pleading and brief are utterly frivolous. *See Muhammad v.*

---

[4] Plaintiff's complaint fails to allege facts sufficient to state any claim against defendants. It would have been dismissed on initial screening under 28 U.S.C. § 1915(e)(2) if plaintiff had proceeded *in forma pauperis* rather than paying the filing fee.

[5] I am aware that defendants Butzbaugh, Stine, and Cotter also sought dismissal under Rule 12(b)(5) on the ground that plaintiff's service of process was deficient. However, it is unnecessary to resolve that issue. "[S]ervice of process is merely the means by which a federal court gives notice to the defendant and asserts jurisdiction over him; the actual existence of personal jurisdiction should be challenged by a Rule 12(b)(2) motion." *King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012). Defendants affidavits establish that they have actual notice of this lawsuit. Further, assuming that the court determined that service of process was inadequate, it would needlessly delay resolution of this matter on the merits because "the appropriate remedy [for deficient service of process] would be to allow plaintiff an opportunity to attempt valid service." *Price v. United States Postal Serv.*, No. 1:13-cv-1194, 2014 WL 3704286, at * 3 (W.D. Mich. July 24, 2014).

*Smith*, No. 3:13-cv-760, 2014 WL 3670609, at * 2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.") (collecting cases); *Imoore v. Gasbarro*, No. 12-2605, 2012 WL 1909368 (D. N.J. May 25, 2012); *McCullough v. United States*, No. 3:11-cv-176, 2011 WL 3652332, at * 2 (E.D. Va. Aug. 18, 2011); *accord Thompson v. Scutt*, No. 1:11-cv-573, 2011 WL 2745934 (W.D. Mich. July 13, 2011) ("[F]ederal courts uniformly reject suits by plaintiffs who seek vindication of their nonexistent 'right' to operate motor vehicles without complying with state licencing laws."). The presiding judge in the 5th District Court was responsible for making the determination whether the proceedings against plaintiff would continue or be dismissed. Plaintiff's affidavit of dismissal was ineffectual. The failure of any individual to accede to plaintiff's demands presented through an "affidavit of dismissal" is simply without legal consequence to any recipient who elects to ignore the nonsensical document.

Plaintiff lacks standing to enforce federal criminal statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Sefa v. Kentucky*, 510 F. App'x 435, 438 (6th Cir. 2013). Further, it is well established that the criminal statutes cited by plaintiff, 18 U.S.C. §§ 241, 242, 872, 873, "do not provide a civil cause of action." *Timmon v. Wood*, 316 F. App'x 364, 365 (6th Cir. 2007); *see Bey v. Smith*, No. 10-14641, 2011 WL 5506904, at * 7 (E.D. Mich. Oct. 21, 2011) (collecting cases); *Moore v. Kentucky*, No. 4:10-cv-67, 2010 WL 3505173, at * 4 (W.D. Ky. Aug. 31, 2010). Section 1983 is not itself a source of any substantive right, but merely provides a remedy for a deprivation of rights that are elsewhere conferred by federal law. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1994); *Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006). There is no private

cause of action under the Declaration of Human Rights or the Treaty of Peace and Friendship of 1787. *See Sosa v. Alvarez–Machain*, 542 U.S. 692, 735 (2004); *El Amin Bey v. Stumpf*, 825 F. Supp. 2d 537, 557-58 (D. N.J. 2011); *see also Umbarger v. Michigan*, No. 1:12-cv-603, 2013 WL 5538766, at * 4 (W.D. Mich. Oct. 8, 2013); *Bey v. Centralia Police Dep't*, No. 13-cv-313, 2013 WL 2403270, at * 3 (S.D. Ill. May 31, 2013); *Bey v. City of Rochester*, No. 11-cv-6457, 2012 WL 1565636, at * 7 (W.D.N.Y. Apr. 30, 2012). Plaintiff has not alleged facts or supported with evidence any viable RICO or FDCPA claim. *See Pugh v. Balish*, 564 F. App'x 1010, 1012-13 (11th Cir. 2014); *Kinght v. Superior Court of New Jersey*, 513 F. App'x 122, 123 (3d Cir. 2013); *Annabel v. Michigan Dep't of Corrections*, No. 1:14-cv-756, 2014 WL 4187675, at * 20-21 (W.D. Mich. Aug. 21, 2014); *Praileau v. Fischer*, 930 F. Supp. 2d 383, 393 (N.D.N.Y. 2013).

### Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's claims against defendant Diggs be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against defendant Diggs. I recommend that all plaintiff's claims based on alleged injury stemming from a state-court judgment or seeking appellate review be dismissed for lack of subject-matter jurisdiction. I recommend that defendants' motion for summary judgment (docket # 29) be granted and that judgment be entered in favor of defendants Butzbaugh, Stine, and Cotter on all plaintiff's remaining claims.

Dated: September 25, 2014        /s/ Phillip J. Green
                                 United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).